IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 15, 2000

## STATE OF TENNESSEE v. MARK A. SCARBOROUGH

**Direct Appeal from the Circuit Court for Hickman County**
**No. 99-5123CR-I     Timothy L. Easter, Judge**

**No. M2000-01359-CCA-R3-CD - Filed December 28, 2000**

Mark A. Scarborough appeals the sentencing decision of the Hickman County Circuit Court following his jury conviction of driving under the influence. The issue of enhanced punishment as a prior DUI offender was submitted to the trial court. The court found the Appellant guilty of DUI, third offense, and sentenced him to eleven months, twenty-nine days with 180 days to be served in confinement followed by six months probation. At the motion for new trial, the trial court modified its prior ruling and reduced the Appellant's conviction to DUI, second offense. The Appellant's 180-day period of confinement was not modified. On appeal, the Appellant argues that the trial court erred in failing to reduce his sentence after it reduced his conviction from DUI, third offense, to DUI, second offense. Because the record is incomplete for review, we afford the sentence imposed by the trial court the presumption of correctness. Accordingly, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Gary M. Howell, Columbia, Tennessee, for the Appellant, Mark A. Scarborough.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Marvin E. Clements, Jr., Assistant Attorney General, Ronald L. Davis, District Attorney General, and Lee Dryer, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

In November of 1999, the Appellant, Mark A. Scarborough, was indicted by a Hickman County Grand Jury upon charges of (1) driving under the influence, fourth offense;[1] (2) driving on a revoked license, second offense; and (3) violation of the open container law. On February 24, 2000, a jury found the Appellant guilty of DUI.[2] Following his DUI conviction, the Appellant waived his right to a jury and agreed to submit the issue of enhanced punishment to the court.[3] The trial court found the Appellant guilty of DUI, third offense. The "Verdict Order" included in the record states as follows:

> Defendant is sentenced to 11/29 at 75% to serve 180 days day for day in Hickman County Jail reduced to 150 days if Defendant has made arrangements to attend a 30 day in-patient treatment program before reporting on 3-24-00. Driving privileges are suspended for 4 years.

On March 13, 2000, the Appellant filed a motion for new trial, which was heard and later denied by the trial court. The trial court did, however, modify its original ruling and found that the prior 1991 conviction for DUI in Mississippi should not have been admitted because it "could not be satisfied that the Mississippi conviction complied with the requirements of the laws of this State." Thus, the trial court reduced the Appellant's conviction from third offense DUI to second offense DUI. Although the trial court ordered that the fine and sentence remain the same, the court did reduce the suspension of the Appellant's driving privileges from four years to two years. On appeal, the Appellant asserts that the trial court erred in failing to reduce his sentence when it reduced his conviction from third offense DUI to second offense DUI.

The "technical" record submitted by the Circuit Court Clerk of Hickman County contains the notation: "There was no court reporter in this case therefore no transcript will be sent." Also conspicuously absent from the record is the trial court's hearing following the jury trial on the issue of enhanced punishment, the Appellant's sentencing hearing, and the Appellant's motion for new trial

---

[1] The Appellant was originally charged with fourth offense DUI, which is a felony. *See* TENN. CODE ANN. § 55-10-403(a)(1)(1998 Repl.). This charge was later amended to third offense DUI, which is a misdemeanor. *See* TENN. CODE ANN. § 55-10-403(a)(1)(1998 Repl.).

[2] Prior to trial, the Appellant pled guilty to DORL and the violation of the open container law. Based on the Appellant's guilty plea, the State agreed to nolle prosequi the count charging a prior DORL. Thus, the jury only considered the DUI offense.

[3] The indictment recited the following prior convictions for DUI:
(1)  February 26, 1990, in the General Sessions Court of Shelby County, Tennessee;
(2)  November 15, 1991, in the Justice Court of Yalobusha County, Mississippi;
(3)  March 4, 1994, in the General Sessions Court of Fayette County, Tennessee.

which resulted in modification of his DUI conviction. In sum, other than five exhibits introduced at trial, no evidence is included in the record.[4]

In his brief, the Appellant requests this court to "reduce the period of confinement in Appellant's sentence from 180 [days], which is one and one-half times the minimum for third offense, to 67 days, which is one and one-half times the minimum for second offense." We decline application of the Appellant's proposed mathematical sentencing formula. The sentencing laws of this state require this court to conduct a *de novo* review on the record when a defendant's sentence is challenged on appeal. Sentencing Commission Comments, TENN. CODE ANN. § 40-35-401(d). *De novo* review entails examination of those same facts as considered by the trial court including the evidence at trial, the evidence at the sentencing hearing, the nature and characteristics of the criminal conduct involved and enhancing and mitigating factors. TENN. CODE ANN. § 40-35-210 (b)(1)(4)(5). The record in this case is devoid of such factual information. When no report, recital or transcript is available, the Appellant has a duty to prepare a statement of evidence "from the best available means, including the appellant's recollection." *See* TENN. R. APP. P. 24(c). The Appellant failed to meet this requirement. We have repeatedly held that failure to include the transcript of the trial court proceedings in the record prohibits this court from conducting a meaningful *de novo* review. In the absence of a transcript of the proceedings relevant to an issue presented for review, the appellate court is precluded from considering the merits of the issue. *See* TENN. R. APP. P. 24(b). If the appellate record is inadequate, the reviewing court must presume that the trial court ruled correctly. *See* State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). The obligation of preparing a complete and adequate record for the issues presented on appeal rests upon the appealing party. *See* TENN. R. APP. P. 24(b). For this reason, the issue is waived.

## CONCLUSION

Because the appellate record was incomplete upon appeal, we must presume the trial court ruled correctly. Accordingly, the appeal is dismissed and the judgment of the Hickman County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[4] Interestingly, Trial Exhibit Five consists of the Appellant's "State of Tennessee Department of Safety" driving record which reflects seventeen various licensing infractions.